UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DENNIS JAMES

     Plaintiff,

v.                                     Case No.: _____

UNITED STATES OF AMERICA,
UNITED STATES OF AMERICA, d/b/a
Veterans Affairs Medical Center – Memphis, a/k/a
VA Hospital - Memphis

     Defendants.

**COMPLAINT**

**INTRODUCTION**

COMES NOW, Plaintiff, Dennis James individually, and pursuant to the amendments to the Healthcare Liability Act particularly T.C.A. 29-26-101, *et seq.* effective October 1, 2008 and in compliance with the Federal Tort Claims Act ("FTCA") sections 1346(b) and 2671-2680 title 28, United States Code and bring this Health Care Liability action for his individual claim. Plaintiff is bringing this action against the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital Memphis, for the violations of the medical standard of care that occurred in Shelby County, Tennessee in 2013, consisting of acts and omissions of medical negligence by the medical personnel/staff providing medical care, treatment and services to Plaintiff, Dennis James at the Memphis VA Medical Center located in Memphis, Shelby County, Tennessee.  These violations of the medical standard of care occurred in Memphis, Shelby County, Tennessee in 2013, consisting of acts and omissions constituting medical negligence that were the direct and proximate cause of the personal injuries,

1

deterioration of health that Mr. James has suffered. At the time of the alleged acts and omissions giving rise to this Health Care Liability action the care providers including those identified in this Complaint upon information and belief were employees, agents, servants and/or representatives of the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital - Memphis and provided medical care, treatment and services to said Defendants' patient, Plaintiff, Dennis James.

## PARTIES, VENUE AND JURISDICTION

1. At all times pertinent to this matter Plaintiffs, Dennis James was a resident of the state of Mississippi, and a legal citizen of the United States of America. Mr. James is a veteran citizen of the United States of America and as such was entitled to receive health care at the Memphis VA Medical Center.

2. All of the medical care, treatment, and services giving rise to this cause of action were provided to Dennis James at the Memphis VA Medical Center and rendered by the medical personnel/staff of said Defendants as set out below and later identified or discovered in the massive medical files, charts and records of Dennis James maintained by the Defendants' custodians, agents, servants, employees and representatives. Therefore, all medical care and treatment was provided in Memphis, Shelby County, Tennessee.

3. The Defendant, United States of America is a governmental entity that among other things has taken on the responsibility of providing medical care, treatment and services to its veterans/patients who have served in the Armed Forces at various medical facilities known as VA Medical Centers and/or VA Hospitals. This Defendant, United States of America d/b/a Veterans Affairs Medical Center – Memphis owned and operated the medical facility known as Memphis VA Medical Center located in Memphis, Shelby County, Tennessee and engaged in the business of providing medical care, treatment and services to its veterans/patients including Plaintiff,

Dennis James by employing and contracting with physicians, residents, nurses, technicians, assistants, therapists, specialized skilled medical professionals, medical personnel/staff and administrative staff. Therefore, any act or omission of medical negligence on the part of the care providers of Dennis James, if they are found guilty, should be imputed to the named Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center under the legal theory/doctrine of *Respondeat Superior* based on the employee, servant, agent and/or representative relationship of the medical care providers with the United States of America and United States of America d/b/a Memphis VA Medical Center. Defendants may be served with service of process as directed on the Summons issued in this Cause.

4. Plaintiff further alleges that an agency relationship existed between all of the care providers of Dennis James at the Memphis VA Medical Center with the named Defendants in their duties and responsibilities as the care providers of the veterans/patients based on the employees, agents, servants and/or representatives relationship therefore any act or omission of medical negligence on the part of any one care provider of Dennis James, if found guilty, should be imputed to the other care providers, included but not limited to the care providers identified in this Complaint, under the legal theory/doctrine of *Respondeat Superior*.

5. All medical care and treatment applicable to Plaintiff's cause of action against the named Defendants, their agents, servants, employees and/or representatives being the care providers of Dennis James occurred at the Memphis VA Medical Center in Memphis, Shelby County, Tennessee and was provided by the treating medical personnel/staff, employees, agents, servants, and/or representatives of the United States of America and United States of America d/b/a Memphis VA Medical Center.

6. Plaintiff avers that the kind of personal injuries he has sustained would not have occurred but for the negligence on the part of the Defendants, their agents, servants, employees,

representatives, medical personnel/staff, administrative staff and/or otherwise and that the instrumentality that caused the personal injuries of Dennis James were in the exclusive control of the named Defendants, United States of America, United States of America d/b/a Memphis VA Medical Center, their agents, servants, employees, representatives, medical personnel/staff, administrative staff, including but not limited to those identified in this Complaint, therefore Plaintiff relies on the legal theory/doctrine of *Res Ipsa Loquitor*.

7. Venue and jurisdiction are proper before this Court based on the original and exclusive jurisdiction conferred by the FTCA. This is a FTCA claim arising from acts or omissions constituting medical negligence that occurred in Memphis, Shelby County, Tennessee. Additionally, this Complaint is filed pursuant to the FTCA, section 1346(b) *et seq*. Title 28, U.S.C. which provides that a tort claim that is administratively denied or that has failed to be denied within 6 months may be presented to a Federal District Court for judicial consideration, and therefore presents a Federal Question. Such a suit must be initiated within six months after the date of the mailing of the notice of final denial as shown by the date of this letter (section 2401(b), Title 28 U.S.C.). Plaintiff's claim was denied by the Department of Veterans Affairs, Office of General Counsel in Washington D.C. on January 8, 2016 making it timely filed within the 6 months.

8. Plaintiff alleges that this Court has jurisdiction of this Cause pursuant to the FTCA, Title 28, U.S.C. section 1346(b) *et seq*. and this Court's pendent or supplemental jurisdiction pursuant to 28 U.S.C. 1367 *et seq*.

9. Plaintiff, Dennis James is exercising his rights to file suit in accordance with the FTCA, Sections 1346(b) and 2671-2690, title 28 U.S.C., which provides a tort claim that is administratively denied by or has not been denied within 6 months of receipt may be presented to a Federal District Court for judicial consideration with said suit to be initiated within six months after the date of the mailing of the notice of final denial.

10. Plaintiff, avers that he has complied with state law requirements for commencing a health care liability action by having fully complied with the Health Care Liability Act, T.C.A. 29-26-121 and T.C.A. 29-26-122, as evidenced by the filing of the appropriate documents and pleading with the Court. Specifically, pursuant to T.C.A. 29-26-121 a Certificate of Mailing is attached along with the Affidavit of Christopher W. Lewis who mailed the notice letters. Additionally, pursuant to T.C.A. 29-26-122 the Certificate of Good Faith is also filed contemporaneously with this Complaint.

11. Plaintiff will further show that the kind of injuries he has sustained were foreseeable and preventable and would not have occurred except for the acts and omissions constituting medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives in their individual and joint medical care and treatment of Dennis James as set out herein.

12. This is a Complaint for Health Care Liability alleging medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives, being the care providers of Dennis James at the Memphis VA Medical Center at Memphis, Shelby County, Tennessee resulting in the personal injuries and the deterioration of health that would not have otherwise occurred but for the negligence on the part of the care providers as set out more fully in this Complaint.

**FACTS**

13. This claim is being brought by Dennis James for personal injuries that occurred as a result of negligent medical care and treatment rendered to Mr. James while an established patient at the VA Hospital in Memphis, Tennessee located at 1030 Jefferson Avenue by the medical personnel, staff, employees and/or agents of the VA Hospital – Memphis, including but not limited to physicians, and nurses. The medical care and treatment giving rise to this Federal Tort Claim

5

began on or about November 12, 2013 with the alleged initial negligence occurring thereafter and continuing until the time Mr. James began treating with the West Clinic of which the following facts and circumstances form the basis for this claim:

14. The chain of events giving rise to this cause of action began on or about November 12, 2013 when Mr. James presented to the VA Hospital – Memphis for an appointment with his primary care provider Dr. Franz-Stepniakowska. During this visit Mr. James had lab work performed and was scheduled for a 6-month follow-up appointment. The lab results were noted to be ready on December 8, 2013 and indicated that Mr. James had an abnormal PSA of 48 ng/ml with the normal range being from 0-4 ng/ml. The record from December 8, 2013 indicates that Mr. James was to be contacted and that the lab work be repeated. Mr. James was not notified until January 2, 2014 of the extremely elevated PSA and the need to repeat the lab work.

15. On January 6, 2014 the PSA test was repeated and it indicated that Mr. James PSA level was a 15.6 ng/ml. Mr. James was not notified of this elevated PSA for another nine days or on January 15, 2014. At this time it was determined that Urology needed to be consulted.

16. On April 1, 2014, Mr. James had a prostate biopsy performed. The biopsy was ordered by Joseph J. Welser, M.D. and was interpreted by Ilya Stone and Catherine S. Morris. The biopsy results indicated that the left side of the prostate showed prostatic adenocarcinoma and had a Gleason score of 7 and was positive for perineural invasion. The right side also showed prostatic adenocarcinoma, had a Gleason score of 7 and was negative for perineural invasion.

17. Mr. James was seen by Urology on May 2, 2014. The records indicate that Drs. Joseph J. Welser and Howard B. Hasen, M.D.s saw Mr. James and discussed his treatment options. The record indicates that Mr. James wanted to undergo treatment that could be potentially curative. Specifically, Mr. James wanted to undergo surgery. The records further indicate that Mr. James

was instructed to think about his options for a month and return. During the interim Mr. James had another PSA performed.

18. Mr. James third PSA was performed on May 5, 2014 and the results were called to Mr. James on May 8, 2014. The test indicated that Mr. James's PSA was now at 19.70 ng/ml. The records further reflect that Mr. James underwent a right femoral head CT guided bone biopsy. The results of the biopsy indicated that Mr. James's prostate cancer had metastasized and spread to his bones.

19. On June 23, 2014 Mr. James was again seen by Urology. At this appointment Mr. James was seen by Paul Gibson Murphy, M.D., and Howard B. Hasen, M.D. During this visit Mr. James was informed that his cancer was not curable and that he would start Eligard to prevent growth of the cancer. The records note that Elizabeth P. Bowman, R.N. administered the Eligard. Mr. James was instructed to return to the clinic in 6 months and that he needed to have his PSA and Testosterone levels checked in 3 months.

20. Mr. James was again seen by Urology and Dr. Hasen, M.D. on July 17, 2014. Dr. Hasen noted that Mr. James had metastatic prostate cancer and was having muscle pain due to the LHRH analog therapy. Mr. James was scheduled for a follow-up appointment on September 23, 2014. The records indicate that Mr. James would have a repeat PSA and Testosterone level check performed at that time.

21. Subsequently on August 21, 2014 Mr. James was seen by Matthew D. Strain, M.D. and Howard B. Hasen, M.D. of the Urology service. It was at this time that Mr. James requested that he be referred to the West Clinic for a second opinion regarding his treatment. Mr. James wanted a second opinion regarding many aspects of his treatment but one of his primary concerns was that pursuant to his care providers at the VA he was only going to receive the Eligard every 6 months and was not being offered a curative option.

22. Based on the aforementioned facts Mr. James believes that the medical care and treatment were below the standard of care for Memphis, Shelby County, Tennessee.

23. Mr. James began his treatment with West Clinic as of September 2014. Mr. James has been treated by Dr. Bradley Somer, M.D. Dr. Somer began Mr. James on Taxotere for 6 cycles on October 8, 2014. Mr. James continues to be under the care of Dr. Somer at the West Clinic and will have to have Lupron injections every 3 months for the foreseeable future.

**TORTS-MEDICAL NEGLIGENCE AND DEVIATIONS FROM THE STANDARD OF CARE**

24. It is the claim of Mr. James that the VAMC located at Memphis, Shelby County, Tennessee, by the acts and omissions of its treating physicians, medical personnel, staff, agents, representatives and/or employees to include, but not limited to the identified care providers in this Complaint, Dr. Franz-Stepniakowska, M.D., Dr. Joseph J. Welser, M.D., Dr. Howard B. Hasen, M.D., and Dr. Paul Gibson Murphy, M.D. and as otherwise may be determined or discovered from the medical records of Plaintiff, Dennis James, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, breached the standard of care for the medical community of Memphis, Shelby County, Tennessee and as such directly and proximately caused the tortious injuries and damages of a past, present and permanent nature that Plaintiff, Dennis James, would not have otherwise sustained except for the negligent deviations from the standard of care on the part of the treating physicians, medical personnel, staff and/or employees being any and all care providers of Mr. James (i.e. physicians, nurses, radiologists, technicians and otherwise)at the VA Medical Center in Memphis in the following particulars:

a) Negligently failing to timely detect Mr. James's prostatic adenocarcinoma;

b) Negligently failing to timely order and/or perform additional diagnostic studies to determine if Mr. James did indeed have prostatic adenocarcinoma prior to the April 1, 2014 biopsy;

c) Negligently failing to properly treat Mr. James's prostatic adenocarcinoma;

d) Negligently failing to timely treat Mr. James's prostatic adenocarcinoma;

e) Negligently failing to timely follow-up on Mr. James's elevated PSA level on November 12, 2013;

f) Negligently causing the spread of Mr. James's prostatic adenocarcinoma;

g) Failure to order and/or perform the appropriate tests and timely diagnose and treat Mr. James's prostatic adenocarcinoma;

h) Negligently causing the severe permanent and disabling injuries of Dennis James that he would not have otherwise sustained;

i) Negligently causing the severe physical pain, and emotional pain of a past, present and future nature;

j) Negligently failing to treat Mr. James with the appropriate medication(s);

k) Negligently failing to timely refer Mr. James to the appropriate specialist(s);

(l) Negligently prescribing inappropriate medication(s) to treat Mr. James prostatic adenocarcinoma.

## **INJURIES AND DAMAGES**

25. As a direct and proximate result of the medical negligence on the part of the named Defendants, United States of America, United States of America d/b/a/ Memphis VA Medical Center, and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Dennis James at Memphis VA Medical Center to include, but not limited to, Dr. Franz-Stepniakowska, M.D., Dr. Joseph J. Welser, M.D., Dr. Howard B. Hasen, M.D., and Dr. Paul Gibson Murphy, M.D., and as otherwise may be determined or discovered from the medical records of Plaintiff, Dennis James, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or

identified from the medical records and that may be identified later, Plaintiff, Mr. James sustained the following injuries and damages for which he seeks recovery:

    (a)    Unnecessary physical pain and suffering;

    (b)    Unnecessary emotional pain and suffering sustained;

    (c)    Past, present and future medical expenses that would not have been necessary but for the negligence;

    (d)    Unnecessary permanent scarring;

    (e)    Loss of enjoyment and quality of life;

    (f)    Unnecessary permanent impairment;

    (g)    Depression;

    (h)    Delayed treatment of prostatic adenocarcinoma;

    (i)    Aggravation of pre-existing conditions;

    (j)    Unnecessary additional medical treatments;

    (k)    Out-of-pocket expenses;

    (l)    Shortened life expectancy.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Dennis James, files this action for Health Care Liability claims against the Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Dennis James at the Memphis VA Medical Center as for compensatory damages for unnecessary pain and suffering, unnecessary scarring, unnecessary emotional pain and suffering, and as otherwise noted above, in the amount of five million ($5,000,000.00) dollars.

Respectfully submitted this 8th day of July, 2016,

<u>s/ Louis P. Chiozza, Jr.</u>
Louis P. Chiozza, Jr., BPR# 8871
Attorney for Plaintiffs
Law Office of Louis P. Chiozza, Jr. & Associates
230 Adams Avenue
Memphis, Tennessee 38103
Office: (901) 526-9494
Fax: (901) 526-9970
Email: Lou@chiozzalaw.com
