UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

DENNIS JAMES, individually,

    Plaintiff,

v.                                                                                          16-cv-2558-JTF

UNITED STATES OF AMERICA,

    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER OF DISMISSAL AND MEMORANDUM OF LAW IN SUPPORT**

    Defendant's motion should not be granted until such time that the TOP program is ordered to return the funds inappropriately seized from Plaintiff for various legal reasons or in the alternative Plaintiff's counsel should be awarded an attorney fee and expenses for work done to secure the recovery that the TOP program seized based on *quantum meruit* theory or other equitable grounds. Defendant's cite the District Court opinion from the case of United States v. Bailey for the proposition that the Court must grant their motion. However, Defendant's reliance on the aforementioned opinion is misplaced because it is clearly distinguishable from the case at bar and the Court of Appeals opinion in the same case makes that clear and it also demonstrates that this Court does have the authority to address the issues Plaintiff raises in this response.

    As noted above, the Defendants cited to the District Court opinion in the case of United States v. Bailey because it contends that it warrants this Court granting their motion and entering an Order of Dismissal. *See.* (Defendants Memorandum pg. 3). However, the Court of Appeals decision in the case of United States v. Bailey makes it clear that the case at bar is distinguishable and this Court has the jurisdiction to consider the relief sought by Plaintiff in this response. The

1

case of United States v. Bailey was a case involving the loss of property that a prisoner turned over during the trial of his criminal case and said prisoners action for recovery of the lost property. *See.* United States v. Bailey, 775 F.3d 980 (8th Cir., 2014). The government in the Bailey case entered into a settlement agreement for $2,500.00 with Bailey for the damages stemming from the loss of property and the TOP program seized the funds. Id. at 980. Bailey then filed a motion asking the court to vacate his settlement agreement because the government did not tender the funds to him. Id. at 980. The district court denied Bailey's sought after relief and entered an order of dismissal finding that the government had substantially performed. Id. at 980. On appeal Bailey argued that he was entitled to notice from the federal government before entering into the settlement agreement that his debt would be collected by offset and also challenged the statutory authority of the TOP program to collect the funds seized. Id. at 981. The Court of Appeals affirmed and found that Bailey had not raised the argument about notice at the trial court and that Bailey had received appropriate notice that his settlement funds were going to be offset and that the statute did allow for funds to offset for debts from child support obligations. Id. at 980, 981. As will be demonstrated below the Court of Appeals opinion in United States v. Bailey is distinguishable from the case at bar and this Court has the authority to grant Plaintiff's requested belief.

The facts in the Bailey case are distinguishable from the case at bar and do not warrant the relief the Defendant seeks until such time that the relief Plaintiff seeks in this response is granted. In Bailey, the Court was dealing with a motion to vacate the settlement agreement. Id. at 980. Here, Plaintiff is not seeking to vacate the settlement agreement but is appealing to this Court to exercise its authority over the funds seized by TOP and order TOP to return the funds for two reasons that will be set out hereinbelow. Additionally, it will be set forth below that TOP clearly did not have the authority to seize the funds that it did and even if it did Plaintiff's counsel should

be awarded a reasonable attorney fee and their expenses for their efforts to secure the funds seized. Finally, here Plaintiff's notice from the referring agency was deficient unlike like the notice Bailey received from the referring agency which complied with the TOP statutory requirements. Bailey at 908.

The Court's discussion in the case of United States v. Bailey, See. Id.; should clearly demonstrate that this Court does have the authority to address the issues raised by Plaintiff in this response. The Court of Appeals in the Bailey case clearly addressed Bailey's argument that TOP did not have statutory authority to collect the debt because it stemmed from a child support obligation. Id. at 980. Bailey's argument is no different than Mr. James's arguments that TOP did not have the authority to seize his funds for the reasons set forth below.

First, the Court should Order the TOP program to return the funds inappropriately seized from Plaintiff because the Court should find that the attached letter from the Mississippi Department of Human Services clearly does not comport with the TOP requirements therefore Plaintiff's due process rights were violated by the seizure of the funds. See. (attached letter, Exhibit 1). The TOP program requires a creditor agency to follow certain procedures to satisfy due process concerns before the creditor agency can refer the debt to TOP for collection. See. 31 U.S.C. sec. 3716(a)(1)-(4) The notice is required to contain: (1) written notification of the nature and amount of the debt; (2) the intention of the agency to collect the debt through administrative offset, and (3) and an explanation of the debtor's rights to inspection, copying, and review of the records pertaining to the debt and repayment opportunities. Id. The attached letter does not satisfy the above-noted requirements and the Court should find as a matter of law that Mr. James's due process rights were violated therefore the funds seized by TOP should be returned.

The attached letter, Exhibit 1, upon which the reasonable inference would be that the TOP offset was conditioned on this notice complying with the above-noted due process notice requirements, is deficient violating Mr. James due process rights. First, the notice does not contain the amount of the debt. Second, the notice does not inform Mr. James that the agency intends to collect the debt through administrative offset. The failure to include notice that the agency intended to refer the debt for administrative offset clearly prejudiced Mr. James by denying him the ability to address the issue.

Additionally, the letter (Exhibit 1) gave Mr. James 90 days to contact the office and by letter dated November 12, 2017 Mr. James contacted the office and informed them about his financial condition, his health status being diagnosed with stage IV prostate cancer, his understanding that the debt had been resolved long ago and that the child from which the debt is derived is now an adult. *See*. (attached letter written by Mr. James, Exhibit 2). Mr. James did not receive any further correspondence from the agency in response to his letter.

Based on the above violations of Mr. James due process rights the Court should find as a matter of law that the TOP program was not entitled to seize the funds because the certifying agency did not comply with the TOP requirements prior to referring the debt for collection. Therefore, the Court should order the funds returned to Mr. James and should not enter an Order of Dismissal until said funds are returned.

Additionally a second ground exist for which this Court should order the funds returned to Plaintiff, Mr. James and not enter an Order of dismissal until such time, that Mr. James seized funds are returned because they were exempt from collection by TOP. The Court should find that Mr. James's settlement was a payment of benefits due to him under a law administered by the Secretary pursuant to 38 U.S.C. Sec. 5301(a)(1) and as such was exempt from a TOP offset.

4

Therefore the Court should Order TOP to return Mr. James's funds and not enter an Order of Dismissal until such time.

In support of a finding that this payment is exempt the language in 38 U.S.C. Sec. 5301(3)(A) stating that "This paragraph is intended to clarify that, in any case where a beneficiary entitled to compensation…" The aforementioned language, specifically "compensation" in reference to benefits should demonstrate that Mr. James's settlement falls into this category and is exempt from a TOP offset. Further, evincing the exempt status of Mr. James's settlement funds are the extensive list of types of payments that are exempt from the TOP program. *See.* (pg. 1 of 6 of attached list of Treasury Offset Program Payments Exempt from Offset by Disbursing Officials (Non-tax Debt Collection); Exhibit 3).

Additional support for exempt status can be found by the fact that just like an application for VA benefits; a claim brought pursuant to the FTCA must first be submitted to the VA regional office. See. 28 U.S.C secs. 2672 and 2675. Additionally, the FTCA also grants the agency against who the claim is made the authority to settle claims for up to $25,000.00 and allows the agency to disburse from the agency funds settlements up to $2,500.00. See. 28 U.S.C. sec. 2672. Therefore, in this case the agency is the VA and the head of the agency is the Secretary to who 38 U.S.C. 5301(a)(1) references. <u>Funeral Financial Systems v. U.S.A.</u>, 234 F.3d 1015 (7th Cir. 2015). The aforementioned should make it more clear that Mr. James's $10,000.00 settlement funds would fall into the category over which the Secretary administered and therefore exempt from TOP offset.

Based on either of the above-noted theories Mr. James's funds were clearly inappropriately seized by TOP and this Court should order the funds returned and should not enter an Order of Dismissal until such time. If the Court is not inclined to enter Plaintiff's requested relief then in the alternative Plaintiff would request that the Court use it's equitable powers to enter an Order

awarding Plaintiff's counsel attorney fees and their expenses for recovery of the settlement funds for the Treasury Offset Program and order the Treasury Offset Program to pay said fees.

Plaintiff states that the Court in the interest of justice should find in its equitable discretion that Plaintiff's attorney should not be penalized for Plaintiff's debt and that the Court should recognize the Plaintiff's attorney's efforts were necessary to recover the settlement funds seized by the TOP program and applied to Plaintiff's debt, therefore the Court should award reasonable attorney fees and their reasonable expenses incurred in reaching the settlement. In support of Plaintiff's contention that Plaintiff's attorneys' efforts warrant attorney fees and expenses are the following facts.

Plaintiff states that numerous facts support the notion that without Plaintiff's attorneys' efforts the settlement funds seized would not have been available therefore justice demands that Plaintiffs' attorneys be awarded their reasonable fee and expenses. First, it is noteworthy that this case involved a claim for healthcare liability stemming from Mr. James treatment at the VA hospital in Memphis. Prior to the lawsuit being filed Plaintiff's attorney had to send pre-suit notice letters. Then Plaintiff's attorney had to complete discovery and attempt to find an expert to serve in this matter. Plaintiff's attorney had to participate in a mediation. Plaintiff's attorney then had to successfully respond to a motion for summary judgment to get the case to trial, where the case was finally settled on the first day of trial. To reach the point in which the case could be settled Plaintiff's attorney had to expend $6,688.45. *See*. (attached expense report; Exhibit 4).

Based on the foregoing it should be clear that Plaintiff's attorney put forth a great deal of effort and funds to get the settlement that was seized by TOP and as such TOP should be required by Order of this Court to pay Plaintiff's attorney for their efforts by awarding them with a reasonable attorney fee and their expenses and this cause should not be dismissed until such funds

are paid. This Court should find that it has the authority to grant such an award based on the statutory language of the TOP program. The specific provision is 31 U.S.C. sec. 3716(c)(4) which allows the Secretary of the Treasury to charge a fee sufficient to the cost of collection by the retention of a portion of the amounts collected or by billing the referring agency. Therefore, it should be reasonable to conclude that if that Statute allows for the Secretary of Treasury to charge a fee for collection then said fee should be awarded to Plaintiffs' counsel in the instant case because they are the party that made the funds available.

One final point bears on this issue and that is that if Plaintiff's attorneys are not compensated for working on FTCA claims there will likely be a chilling effect on attorneys making it less likely that they will be willing to assist Veterans with their FTCA claims. *See*. Astrue v. Ratliff, 130 S.Ct. 2521, 1177 L.Ed2d. 91, 560 U.S. 586 (2010). In the aforementioned case of Astrue the United States Supreme Court was dealing with an award of attorney fees in an EAJA action and who the proper recipient of those funds was and whether a TOP offset should be applied to those funds. *See*. Id. The Supreme Court ruled that the proper recipient was the prevailing party not the prevailing party's attorney and as such were subject to the TOP offset. *See*. Id. Justice Sotomayor wrote a concurring opinion in the Astrue case, with whom Justice Stevens and Justice Ginsburg joined and it addressed the equities that are at issue in the instant case. *See*. Id. at 598-604. In pertinent part the Court stated as follows:

> That conclusion, however does not answer the question whether Congress intended the government to deduct moneys from EAJA fee awards to offset a litigants pre-existing and unrelated debt…
> Id. at 599.

This is directly analogous to the consideration in the instant case and whether Congress would intend to subject settlement portions of VA FTCA claims that would represent the attorney's fee and the expenses to TOP offset. Justice Sotomayor's concurrence went on to state that it would

be unlikely that Congress would have wanted EAJA fees awards to be subject to offset because such offsets would undercut the effectiveness of the EAJA. *See*. Id. at 599. The concurrence also noted that EAJA fee awards have proved to be remarkably efficient way of improving access to the courts for the statutes intended beneficiaries, including veteran's benefits. *See*. Id. at 600. This statement should demonstrate that VA FTCA claims have similar purposes as they provide benefits to Veterans. The Concurrence also noted that "the point of an award of attorney's fees, after all, is to enable a prevailing litigant to pay her attorney." Id. at 600. This should further demonstrate that Plaintiff's counsel should be awarded a reasonable fee and their expenses.

In conclusion, the Court first and foremost should find that TOP inappropriately seized Mr. James's settlement funds and they should be returned to Plaintiff and this cause of action should not be dismissed until such time as the funds are returned. If the Court does not find that TOP inappropriately seized Mr. James's settlement funds the Court should find under a theory of *quantum meruit* or any other available equitable grounds Plaintiff's attorneys should be awarded attorney fees and expenses and TOP should be ordered to pay said award because without such effort there would not have been any funds for TOP to seize and it promotes justice be ensuring attorneys will not be discouraged from assisting Veterans with FTCA claims against the VA.

Respectfully submitted,

LAW OFFICE OF LOUIS P. CHIOZZA, JR.
& ASSOCIATES

BY: s/Louis P. Chiozza, Jr.
Attorney for Plaintiff
230 Adams Avenue
Memphis, Tennessee 38103
Office: (901) 526-9494
Fax: (901) 526-9970
Email: Lou@chiozzalaw.com

8

## CERTIFICATE OF SERVICE

    I, Louis P. Chiozza, Jr., Attorney for Plaintiff, certify that the foregoing has been electronically filed on this date. I further certify that to the best of my knowledge, a true and correct copy of the foregoing, along with a Notice of Electronic Filing, will be served electronically through the Court's ECF system to Lawrence Laurenzi, Assistant U.S. Attorney for the Defendant.

                                            s/Louis P. Chiozza, Jr.
                                            Attorney for Plaintiff

                                            Date: March 30, 2018

```
SUNFLOWER COUNTY DHS                    Case Number: ▓▓▓▓▓▓▓▓
CHILD SUPPORT ENFORCEMENT               Worker: RUEISHUN ELLIS
POST OFFICE BOX 948                     (877) 882-4916
INDIANOLA, MS  387510948                Date: 08/18/2017    A901


DENNIS JAMES
▓▓▓▓ HOLLY ▓▓
TUNICA, MS  38676



              CUSTODIAL PARENT:  GLENDA M MCFARLAND


OUR RECORDS INDICATE THAT YOU ARE DELINQUENT IN THE PAYMENT
OF CHILD SUPPORT.  AN ORDER SUSPENDING YOUR STATE-ISSUED
LICENSES WILL BE RENDERED 90 DAYS FROM THE DATE OF THIS
LETTER UNLESS YOU HAVE DONE ONE OF THE TWO THINGS LISTED
BELOW WITHIN THE 90 DAY PERIOD
1.  PAID THE ENTIRE AMOUNT OF THE CHILD SUPPORT ARREARS, OR
2.  REACHED A REASONABLE REPAYMENT SCHEDULE WITH YOUR LOCAL
CHILD SUPPORT OFFICE.
YOU NEED TO CONTACT YOUR LOCAL OFFICE NAMED AT THE TOP OF
THIS LETTER TO MAKE YOUR DECISION KNOWN.  YOU MAY REQUEST A
REVIEW OF THIS INFORMATION CONTAINED IN THIS NOTICE IF YOU
FEEL THAT A MISTAKE HAS BEEN MADE REGARDING YOUR IDENTITY OR
IF YOU BELIEVE YOU ARE NOT OUT OF COMPLIANCE WITH YOUR
OBLIGATION.  YOU MUST SUBMIT YOUR REQUEST FOR A REVIEW IN
WRITING TO THE ADDRESS LISTED ABOVE.  PLEASE BE PREPARED TO
OFFER PROOF OF YOUR IDENTITY OR CHILD SUPPORT PAYMENT
RECORDS IN DEFENSE OF YOUR REQUEST. FOR MORE INFORMATION
YOU MAY CALL 1.877.882.4916.    THANKS
```





EXHIBIT 1

MISSISSIPPI DEPARTMENT OF HUMAN SERVICES - DIVISION OF CHILD SUPPORT ENFORCEMENT





TO: Sunflower County DHS
ATTN: Rueishun Ellis
Child SPT Enforcement

11/12/17

From: Dennis James
~~662-541-2899~~

Several years ago, Glenda McFarland and myself hand delivered a letter, written by Glenda McFarland to Ms Rodgers, who was case worker at that time. The letter was releasing me from any and all child spt arreages belived to be owed to her at that time. Ms Rodgers contacted her supervisor in Jackson Ms, in my presence and discussed the letter with them. Ms Rodgers told me that the letter was sufficient enough to have the child spt dropped. When I left the office that day, I was assured that all arreages would be dropped. Now after all these years later it has come up again. My son is a grown man now. In 2014 I was diagnosed with stage 4 prostate cancer that has spreaded to my bones for which the doctors tell me there is no cure. I was told by my V.A. doctor that I have approxamei 5 to 6 years, Maybe to live. I am currently receiving $1,253 per month from Social Security Disability. This is the only income I have to try and live from and is not nearly enough. There is no way I can afford to pay child spt from that. I am under the care of the West Cancer Clinic in Southaven Ms and have been since 2014. Right now I am still able to drive myself to and from the DR. I have to have treatments every month. Without my lisence I will not be able to make my appointments. I am asking you not to suspend my license. I would like to request a review if I need to. You can reach me at 662.541.2899

EXHIBIT
2

Thanks
Dennis James



# TREASURY OFFSET PROGRAM
## Payments Exempt from Offset by Disbursing Officials
### (Non-tax Debt Collection)

| PAYMENTS EXEMPT BY FEDERAL LAW | | |
|---|---|---|
| **Payment Agency** | **Type of Payment** | **Statutory Exemption (U.S. Code)** |
| Department of Agriculture | Federal Crop Insurance indemnity payments | 7 U.S.C. § 1509 |
| Department of Defense | Survivors benefits (military retirement) payments | 10 U.S.C. § 1450(i) |
| Department of Education | Payments under a program administered by the Secretary of Education under Title IV of the Higher Education Act of 1965 | 31 U.S.C. § 3716(c)(1)(C) |
| Department of Homeland Security - Federal Emergency Management Agency | Payments made under the Cerro Grande Fire Assistance Act (covering claims resulting from the wildfire in New Mexico in May 2000) | Public Law 106-246 |
| Department of the Interior | Payments under a program administered by the Secretary of Education under Title IV of the Higher Education Act of 1965 | 31 U.S.C. § 3716(c)(1)(C) |
| Department of Labor | Longshore and Worker's Compensation Act payments<br>Energy Employees Occupational Illness Compensation Program<br>Payments Federal Employees Compensation Program Payments | 33 U.S.C. § 916<br>42 U.S.C. § 7385(a)<br>5 U.S.C. § 8130 |
| Department of Labor/Social Security Administration | Payments under the Black Lung Benefits Act, other than payments under Part B | 30 U.S.C. § 932(a) [incorporating 33 U.S.C. § 916] |
| Department of the Treasury | Payments under the tariff laws | 31 U.S.C. § 3701(d) |
| Department of Veterans Affairs | Payments of benefits under any law administered by the Secretary of Veterans Affairs, including:<br>* Pension programs<br>* Parents= dependency and indemnity compensation programs<br>* Disability and death compensation<br>* Dependency and indemnity compensation<br>* Monetary educational assistance<br>* Monetary benefits under training (including work study allowances) and rehabilitation programs<br>* Special monetary benefits<br>* Life insurance payments<br>* Funeral and burial expenses<br>* Financial assistance for adapted housing and automobile equipment<br>* Minimum income widow<br>* Special allowance under 38 U.S.C. § 1312<br>* Attorney fees withheld from retroactive benefits for representation at the Board of Veterans Appeals<br>* Clothing allowance<br>* Apportionment funds<br>* Accrued benefits | 38 U.S.C. § 5301(a) |

EXHIBIT 3

# TREASURY OFFSET PROGRAM
## Payments Exempt from Offset by Disbursing Officials
### (Non-tax Debt Collection)

| PAYMENTS EXEMPT BY FEDERAL LAW | | |
|---|---|---|
| **Payment Agency** | **Type of Payment** | **Statutory Exemption (U.S. Code)** |
| Department of Veterans Affairs (continued) | * Child support withholdings<br>* Reimbursements for travel, medical, rehabilitation, and health care related needs and activities | |
| Railroad Retirement Board | Tier 2 Railroad Retirement benefit payments | 45 U.S.C. § 231m, |
| Social Security Administration/ Department of Health and Human Services | Payments made under the Social Security Act, except to the extent provided under 31 U.S.C. § 3716(c) [Debt Collection Improvement Act] | 31 U.S.C. § 3701(d) |

| PAYMENTS EXEMPT BY FEDERAL LAW FOR COLLECTION OF STATE NONTAX DEBTS AND PAST-DUE SUPPORT OBLIGATIONS | | |
|---|---|---|
| **Payment Agency** | **Type of Payment** | **Statutory Exemption (U.S. Code)** |
| See above | All payments listed above as "Payments Exempt by Federal Law" | See above |
| Department of Labor/Social Security Administration | Payments under the Black Lung Benefits Act | 31 U.S.C. § 3716(h), 30 U.S.C. § 932(a) [incorporating 33 U.S.C. § 916] |
| Railroad Retirement Board | Railroad Retirement benefit payments | 45 U.S.C. § 231m, 31 U.S.C. § 3716(h) |
| Social Security Administration | Payments made under the Social Security Act | 31 U.S.C. § 3701(d), 31 U.S.C. § 3716(h), 42 U.S.C. § 407 and 42 U.S.C. § 1383(d)(1) |

| PAYMENTS EXEMPT BY ACTION OF THE SECRETARY OF THE TREASURY (31 U.S.C. § 3716(c)(3)(B)) | |
|---|---|
| **Payment Agency** | **Type of Payment** |
| All Agencies | Federal Loan payments other than travel advances [see 31 CFR 285.5 (e)(2)(vii)] |
| Department of Agriculture | Department of Agriculture, Food and Nutrition Service benefit payments made under the following programs: |

# TREASURY OFFSET PROGRAM
## Payments Exempt from Offset by Disbursing Officials
### (Non-tax Debt Collection)

| PAYMENTS EXEMPT BY ACTION OF THE SECRETARY OF THE TREASURY (31 U.S.C. § 3716(c)(3)(B)) | |
|---|---|
| **Payment Agency** | **Type of Payment** |
| Department of Agriculture-continued | * Food stamp program<br>* Nutrition assistance program for Puerto Rico<br>* Special supplemental nutrition program for women, infants, and children (WIC)<br>* WIC farmers market nutrition program<br>* National school lunch program<br>* Summer food service program<br>* Child and adult care food program<br>* Special milk program for children<br>* School breakfast program<br><br>Payments made under the following Rural Development programs:<br>* Multi-Family Rental Assistance program<br>* Community Facilities direct loans and grants<br>* Single Family Housing-Homeownership direct loans and grants<br>* Single Family Housing-Technical Assistance grants<br>* Multi-Family Housing direct loans and grants<br>* Multi-Family Housing Preservation grants<br>* Business and Industry direct loans<br>* Intermediary Relending direct loans<br>* Rural Business Opportunity grants<br>* Rural Business Enterprise grants<br>* Rural Economic Development direct loans<br>* Water and Waste Disposal direct loans and grants |
| Department of Health and Human Services | Payments under the following:<br>* Vaccine Injury Compensation Program (other than death benefits)<br>* Tribal Law 93-638 Contracts/Compacts<br>* National Institutes of Health Clinical Center patients<br>* Ricky Ray Hemophilia Relief Fund Act of 1998 (Ricky Ray Fund)<br><br>Payments to small, non-profit organizations and/or Indian Tribes/Tribal organizations serving areas for which no alternative organization is available to provide the grant-specific services under the following programs:<br>* Head Start<br>* Abandoned Infants<br>* Native American<br>* Transitional Living<br>* Refugee Assistance-Voluntary Agency<br>* Community Services Block Grant<br>* Refugee and Entrant Assistance<br>* Family Support Center and Gateway Demonstration<br>* Runaway and Homeless Youth<br>* Drug Education and Prevention for Homeless Youth<br>* Youth Initiative and Youth Gangs<br>* Older American Grants for Native Americans<br>* Coverage Gap rebate payments for eligible Medicare Part D enrollees (temporary) |

# TREASURY OFFSET PROGRAM
## Payments Exempt from Offset by Disbursing Officials
### (Non-tax Debt Collection)

| PAYMENTS EXEMPT BY ACTION OF THE SECRETARY OF THE TREASURY (31 U.S.C. § 3716(c)(3)(B)) ||
|---|---|
| **Payment Agency** | **Type of Payment** |
| Department of Homeland Security - Federal Emergency Management Agency | Federal Emergency Management Agency payments under the following disaster relief and emergency assistance programs:<br>* Assistance to Firefighters Grant Program<br>* Cora Brown Fund (disaster aid) (CBF)<br>* Community Disaster Loan (CDL)<br>* Crisis Counseling Program (formerly known as Crisis Counseling Assistance and Training)<br>* Disaster Case Management Program (DCMP)<br>* Disaster Legal Services (DLS)<br>* Fire Suppression Assistance/Fire Management Assistance Grant (FMAG) (formerly known as Fire Suppression Assistance)<br>* Housing Assistance (formerly known as Disaster Housing; now under Individual and Households Program (IHP))<br>* Individual and Households Program (IHP), to include Housing Assistance (formerly known as Individual and Family Grant program)<br>* Public Assistance (formerly known as Public Assistance to State and Local Governments)<br>* Urban Search and Rescue (US&R) |
| Department of Housing and Urban Development | Payments under the following programs:<br>* Annual Contributions for Operation of Low-Income Housing Projects<br>* Contributions for Low-Income Housing Projects (Development)<br>* Public Housing Modernization Program (Modernization)<br>* Lease Adjustments<br>* Section 8 Low-Income Housing Assistance (Rental Voucher Program)<br>* Section 8 Counseling; Family Self Sufficiency (excluding payments for administrative costs)<br>* Revitalization of Severely Distressed Public Housing (Hope VI)<br>* Public and Assisted Housing Drug Elimination<br>* Family Investment Centers<br>* Indian Homeownership Program (Mutual Help Homeownership) grants<br>* Hope 3 Program (HOPE for Homeownership of Single Family Homes)<br>* Home Program (HOME Investment Partnerships)<br>* Section 8 Payment<br>* Rental Assistance Section 236<br><br>* Direct Loans for the Elderly or Handicapped Section 202<br>* Rental Supplements (Section 101)<br>* Safe Neighborhood Grants<br>* Drug Elimination Grants<br>* Two Homeless Assistance Programs (Supportive Housing, Emergency Shelter Grants, Shelter Plus Care Program and Section 8 Moderate Rehabilitation Single Room Occupancy Program)<br>* Home Equity Conversion Mortgage Program<br>* Flexible Subsidy Program<br>* Mark-to-Market Portfolio Reengineering Demonstration Program<br>* Community Development Block Grants to municipal governments, counties and townships<br>* Housing Opportunities for Persons with Acquired Immune Deficiency Syndrome (HOPWA) |

# TREASURY OFFSET PROGRAM
## Payments Exempt from Offset by Disbursing Officials
### (Non-tax Debt Collection)

| PAYMENTS EXEMPT BY ACTION OF THE SECRETARY OF THE TREASURY (31 U.S.C. § 3716(c)(3)(B)) ||
|---|---|
| **Payment Agency** | **Type of Payment** |
| Department of the Interior | * Grants to Historically Black Colleges and Universities<br>* Service Coordinator and Congregate Housing Services Programs<br>* Payments made to Indian tribes and tribal organizations under the provisions of the Indian Self-Determination and Education Assistance Act.<br>* Payment made under Bureau of Indian Affairs Welfare Assistance Program<br>* Payments made by the Office of the Special Trustee (OST) for American Indians to individual Indians from the Individual Indian Money (IIM) accounts |
| Department of Justice | * Payments to eligible claimants pursuant to the September 11th Victims Compensation Fund<br>* Attorney fee payments made under prevailing party fee-shifting statutes to satisfy court judgments or settlements in actions certified as class actions pursuant to Federal Rule of Civil Procedure 23(b)(2)<br>* Payments made by the U.S. Marshals Service (USMS) for the purpose of providing awards to confidential sources who have provided information or assistance directly related to violations of the criminal drug laws of the United States pursuant to 28 U.S.C. § 524(c)(1)(B)<br>* Payments made by the Office of Justice Programs (OJP) through the International Victim Expense Reimbursement Program (ITVERP) for the purpose of providing funding for critical and ongoing medical treatment for victims of international terrorism<br>* Payments associated with settlements of class actions certified under Federal Rule of Civil Procedure 23(b)(3) for attorney's fees and litigation costs for class counsel paid under prevailing party fee statutes and administrative costs of distributing settlements through the use of an administrator |
| Department of Transportation | * Payments made to Indian tribes and tribal organizations for the Indian Reservation Road program under the provisions of the Indian Self-Determination and Education Assistance Act (ISDEAA).<br>*Tribal Transit Program payments made to Indian Tribes to provide public transportation on Indian reservations under the provisions of the Safe, Accountable, Flexible, Efficient, Transportation Equity Act: a Legacy of Users (SAFETEA-LU).<br>* Federal Highway Administration and other Federal agencies authorized to make payments under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (Uniform Act) for displaced individuals and businesses. |
| Pension Benefit Guaranty Corporation | Pension Benefit Guaranty payments as follows:<br>* Premium refunds to pension plans and plan sponsors<br>* Financial assistance to multiemployer plans<br>* Contractor bank payments to participants and beneficiaries |
| Public Defender Service for the District of Columbia | 85% of disposable pay from salary payments paid to employees of the Public Defender Service for the District of Columbia |

# TREASURY OFFSET PROGRAM
## Payments Exempt from Offset by Disbursing Officials
### (Non-tax Debt Collection)

| PAYMENTS EXEMPT BY ACTION OF THE SECRETARY OF THE TREASURY (31 U.S.C. § 3716(c)(3)(B)) ||
|---|---|
| **Payment Agency** | **Type of Payment** |
| Department of the Treasury, Bureau of the Fiscal Service | State and Local Government Securities (SLGS) payments under this program:<br><br>* Payments paid through this program are issued to state and local governments to pay off tax-exempt bond issues.<br>* Payments are used to pay off investment funds used for investing in tax-exempt municipal bonds when a state or local municipality has sold them |
| Department of the Treasury, Office of District of Columbia Pensions | 75% of payments made under the District of Columbia's Judges' Retirement Plan and the District of Columbia's Teachers' Retirement Plan and Police Officers' and Firefighters' Retirement Plan |

# Cost report for Dennis James

| Date | TaskCode | Payee | Description | Cost | Acct/Check No |
|---|---|---|---|---|---|
| 3/16/2016 | Check/ Postag | United States Post Offi | Postmaster CAE Fee | $45.10 | 60516 |
| 9/26/2016 | | Same Day Process | | $75.00 | 61304 |
| 2/10/2017 | | Same Day Process | | $150.00 | 61847 |
| 3/14/2017 | | Reid Evensky | | $134.80 | 61990 |
| 7/14/2017 | | james shull | | $1,000.00 | 62424 |
| 10/20/2017 | | FLIPPIN AND ATKINS, | | $857.20 | 62801 |
| 12/18/2017 | | Dr James Shull | | $1,250.00 | 62621 |
| 1/29/2018 | CA | Alpha Legal Solutions | Dennis James and James Shull, MD | $676.35 | cc |
| 1/30/2018 | | CARE CAP | | $1,000.00 | 63128 |
| 3/12/2018 | | james shull | | $1,500.00 | 63098 |

TOTAL COST  $6,688.45

**Total Cost By Account**

$6,688.45



EXHIBIT 4