IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **DENNIS JAMES,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:16-cv-02558-JTF-cgc |
| | ) |
| **UNITED STATES, d/b/a VETERANS** | ) |
| **AFFAIRS MED. CTR.-MEMPHIS,** | ) |
| **a/k/a VA HOSP.-MEMPHIS,** | ) |
| | ) |
|     Defendant. | ) |

_____

**ORDER GRANTING DEFENDANT'S MOTION FOR ORDER OF DISMISSAL**
_____

Before the Court is Defendant United States' Motion for Order of Dismissal filed on March 16, 2018, which seeks dismissal of this action with prejudice. (ECF No. 47.) Plaintiff Dennis James filed his Response to Defendant's Motion for Order of Dismissal on March 30, 2018, to which Defendant submitted its Reply on April 13, 2018. (ECF Nos. 48 & 51.) For the reasons articulated below, the Court finds that Defendant's Motion should be GRANTED.

**FACTUAL BACKGROUND**

On July 8, 2016, Dennis James brought suit under 28 U.S.C. §§ 1346(b) and 2671–2680, the Federal Tort Claims Act ("FTCA"), alleging harm caused by the negligence of physicians and nurses at the VA Medical Center in Memphis, Tennessee. (ECF No. 1, 1.) A bench trial was held on January 22, 2018, and on the first day of trial, the parties reached a global settlement on all remaining claims. (ECF No. 41; ECF No. 47, 5–9 (Exhibit A).) The settlement terms were memorialized in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 ("Settlement Agreement"), and executed on

January 29, 2018.  (ECF No. 47, 5–9 (Exhibit A).)  Under the terms of the Settlement Agreement, the United States caused to be issued a wire transfer in the amount of $10,000.00, payable to Plaintiff.  (ECF No. 46; ECF No. 47, 1.)  The Settlement Amount, however, was mandatorily offset by the U.S. Department of Treasury ("Treasury"), pursuant to 31 U.S.C. § 3716 and the Treasury Offset Program ("TOP"), because Plaintiff allegedly owed a delinquent debt arising from unpaid child support in Mississippi.  (ECF No. 46; ECF No. 47, 2; *id.* at 10 (Exhibit B).)

Defendant, arguing that it fully complied with the terms of the Settlement Agreement, now requests that this Court dismiss this action with prejudice.  In opposition thereto, Plaintiff submits that (i) he did not receive proper notice from the Mississippi Department of Human Services regarding his delinquent child support obligation and the potential for offset, in violation of his due process rights, (ECF No. 48, 3); (ii) the Settlement Amount was not subject to offset by the Treasury, (*id.* at 4–6); and (iii) alternatively, that this Court should award attorney's fees and expenses for work done to secure the recovery of the seized funds based on *quantum meruit* theory or other equitable grounds.  (*Id.* at 6–8.)

## LAW

"The TOP is a collection program in which, for the purpose of repaying debts owed by an individual to the United States or a non-federal victim of a crime for which the United States has collection responsibility, the [] Treasury offsets any federal disbursement due to that individual." *United States v. Campbell*, 245 F. App'x 505, 507 (6th Cir. 2007); *see* 31 U.S.C. § 3701(a)(1) (statutorily defining "administrative offset" as "withholding funds payable by the United States (including funds payable by the United States on behalf of a State government) to, or held by the United States for, a person to satisfy a claim").  "The Debt Collection Improvement Act of 1982,

31 U.S.C. §§ 3701 *et seq.*, authorizes the Treasury Department 'to collect non-tax debts by withholding funds paid out by other federal agencies.'" *See Johnson v. United States Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008); *see also* 31 U.S.C. §§ 3701, 3716(a); 31 C.F.R. § 285.5. The Eleventh Circuit explained the process as follows:

> Pursuant to the TOP, any federal agency with a claim against the debtor, after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it, may collect the debt by administrative offset. *See* 31 U.S.C. § 3716(a), (c)(6). In order to do so, the creditor agency must certify to [the] Treasury that the debt is eligible for collection by offset and that all due process protections have been met. *See* 31 C.F.R. § 285.5(d)(3)(ii), (d)(6). If properly certified, the Treasury Department must administratively offset the debt. *See* 31 U.S.C. § 3716(c)(1)(A).

*Johnson v. United States Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008).

Eligible debts, in part, include past-due, legally-enforceable debt owed to a [s]tate", such as outstanding child support obligations. *See* 31 C.F.R. §§ 285.1(a)–(b); *United States v. Bailey*, 775 F.3d 980, 981 (8th Cir. 2014) (settlement proceeds to resolve forfeiture action properly offset by outstanding child support obligation claimant owed to the State of Illinois); *see also* Exec. Order No. 13,019, 61 Fed. Reg. 51763 (Sept. 28, 1996) (instructing Treasury Secretary to "develop and implement procedures necessary for the Secretary to collect past-due child support debts by administrative offset").

## ANALYSIS

*Notice*

The Court finds that Plaintiff's "notice contention" is improperly asserted against the United States as opposed to the agency or entity seeking offset. Plaintiff argues that the notice provided to him does not meet TOP requirements, as it fails to list the amount of the debt or inform Plaintiff that the agency intends to collect the debt through administrative offset. (ECF No. 48, 3–4.) Defendant, in response, asserts that said contention is irrelevant here because it

complied with the terms of the Settlement Agreement and that, notwithstanding, notice is otherwise sufficient. (ECF No. 51, 2.)

Here, as Defendant contends, Plaintiff's argument concerning insufficient notice does not bear on whether Defendant United States complied with the Settlement Agreement. Defendant substantially complied with the Agreement by arranging for and causing the Treasury to issue a payment to Plaintiff in the amount agreed upon by the parties. (*Compare* ECF No. 47, 5–9 (Exhibit A), *with Benjamin v. United States*, No. 3:13-CV-313, 2014 U.S. Dist. LEXIS 110733, at *12 (M.D. Penn. July 1, 2014). Moreover, the notice contention is not properly asserted against the United States because it is not the agency or party seeking to offset the debt. *Walker v. United States*, No. 3:13-CV-0205, 2014 U.S. Dist. LEXIS 76780, at *13–14 (M.D. Penn. June 3, 2014) (rejecting Plaintiff's claims attacking the sufficiency of notice related to offset funds as not properly asserted against the United States and, instead, finding that the claims lie with the creditor agency attempting to offset the debt with the settlement money); *see* 31 U.S.C. § 3716(a), (c)(6). Thus, Plaintiff's notice argument fails.

*Exemption of Settlement Amount*

The Court additionally finds that Plaintiff's Settlement Amount for his FTCA claim is not exempt from offset because it is not a "benefit" due under any law administered by the Secretary under 38 U.S.C. § 5301. Plaintiff asserts that his Settlement was a payment of benefits under Section 5301(a)(1) and, as such, was exempt from TOP offset; Plaintiff asserts two grounds for this proposition, both of which Defendant opposes. (ECF No. 48, 4–5; ECF No. 51, 4–6.) First, Plaintiff submits that the use of the word "compensation" in 38 U.S.C. § 5301(a)(3)(A) as well as the extensive list of types of payments exempt from offset, as provided for in Exhibit 3 of his Response, demonstrate that Plaintiff's settlement is exempt from TOP offset. Plaintiff cites

4

nothing in support of this first argument.  Nonetheless, 38 U.S.C. § 101 defines "compensation" as "a monthly payment made by the Secretary to a veteran because of service-connected disability, or to a surviving spouse, child, or parent of a veteran because of the service-connected death of the veteran occurring before January 1, 1957.  38 U.S.C. § 101(13).  "The term "service-connected" means, with respect to disability or death, that such disability was incurred or aggravated, or that the death resulted from a disability incurred or aggravated, in line of duty in the active military, naval, or air service."  38 USCS § 101(16).  Thus, the compensation here is not considered "compensation" as defined in Section 101 because Plaintiff's compensation under the Settlement Agreement is for negligent treatment, which did not occur in the line of duty, at a VA medical facility.

It is true, however, that 38 U.S.C. § 1151 provides that veterans disabled as a result of negligent treatment at VA medical facilities shall be compensated as if their disabilities are service-connected, an argument not raised by Plaintiff.  Even so, both this argument as well as the "compensation argument" fail to recognize that, "[t]he FTCA is not specific to the Department of Veterans Affairs" [and that] "[t]he FTCA and veterans' benefits system provide two distinct remedies."  *Mansfield v. Peake*, 525 F.3d 1312, 1314, 1317;[1] *id.* at 1318 (citing *Department of Veterans Affairs Remarks Accompanying 2004 Revision of Section 3.154*, 69 Fed. Reg. 46,426, 46,427 (Aug. 3, 2004) for the proposition that claims under the FTCA do not constitute claims for section 1151 benefits and that, accordingly, it is appropriate to provide that a claim will be construed as a claim for benefits under 38 U.S.C. 1151 . . . only if the veteran

---

[1] "The FTCA and the veterans' benefits system provide two distinct remedies. The FTCA allows claimants to pursue adversarial tort claims against the government. Absent settlement, claims under the FTCA are decided by federal district courts applying state law. See 28 U.S.C. § 1346(b)(1).  In contrast, section 1151 claims are governed by the non-adversarial procedures that apply to claims for veterans' benefits. A claimant may elect to pursue either of these remedies, or even both. Nevertheless, the manner in which each claim is resolved remains fundamentally different." *Mansfield v. Peake*, 525 F.3d 1312, 1317 (Fed. Cir. May 12, 2008).

5

intended to seek those benefits as distinguished from monetary damages under the FTCA); *see also* 28 U.S.C. § 1346(b)(1) (granting exclusive jurisdiction to federal district courts to hear tort claims against the United States). Here, Plaintiff's Complaint evidences that rather than seeking benefits under 38 U.S.C. § 1151, he only sought monetary damages under the FTCA—a claim that district courts have exclusive jurisdiction over. Moreover, to the extent Plaintiff references an attached list of the types of payments exempt from offset, the Court notes that FTCA claims are not listed therein. (*See* ECF No. 48, 14 (Exhibit 3); *see also* 31 CFR 285.5(e)(2).)

Second, Plaintiff argues that the Settlement Amount is not subject to offset because, just like in an application for VA Benefits, FTCA claims are initially submitted to the VA's regional office for consideration and the FTCA grants the agency against who the claim is made the authority to settle claims for up to $25,000 and disburse a settlement from the agency funds. This argument, however, fails for the same reason as the first—namely, that the FTCA Settlement Amount, the only recovery which Plaintiff sought here, is not a "benefit" due under any law administered by the Secretary, as articulated in Section 5301, but is a distinct remedy from that provided through the veterans' benefits system. Thus, unlike Plaintiff contends, the settlement funds are not exempt from TOP offset.

*Attorney's Fees and Costs*

Lastly, the Court finds that Plaintiff's contention regarding attorney's fees and costs does not lie against the United States. Plaintiff asserts a right to attorney's fees and reasonable costs before dismissal of the instant matter on the following grounds: (i) since 31 U.S.C. § 3716(c)(4) allows the Secretary of the Treasury to charge a fee sufficient to the cost of collection by the retention of a portion of the amounts collected or by billing the referring agency, it is reasonable to conclude that said fee should be awarded to Plaintiff's counsel in the instant case because they

made the funds available; and (ii) without such an award, a chilling effect on the willingness of attorneys to assist veterans with their FTCA claims will result, as highlighted by analogy in the concurring opinion of *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Plaintiff's arguments are unpersuasive. The reasoning of the majority opinion in *Astrue* as well as the Settlement Agreement between the parties, counters both of Plaintiff's assertions. First, *Astrue* dealt with an award of attorneys' fees in an Equal Access to Justice Act action and concerned who the proper recipient of those funds were and whether TOP offset could be applied thereto. Reasoning (i) that the proper recipient of an award under the relevant statute was the prevailing party and not the prevailing party's attorney and (ii) that the statute controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer, the Court held that the attorneys' fees before it were subject to offset. The same reasoning applies here, particularly in light of the Settlement Agreement between the parties. The Agreement here established that each party was to bear its own fees and costs associated with this litigation, (ECF No. 47 (Exhibit A)), not that Defendant United States would bear Plaintiff's fees and costs. Thus, only Plaintiff owes his attorney fees and costs associated with this litigation. To the extent the Settlement Agreement provides that "any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto[,]" the Court notes that the enforcement of this provision is not Defendant's obligation; again, only Plaintiff owed his attorney fees and costs. Defendant caused the Settlement Amount to be paid to Plaintiff, all that was substantially required of it under the Settlement Agreement. Thus, as Defendant contends, "[a]ny dispute between Plaintiff and his attorney regarding attorney's fees and costs does not involve the United States." (ECF No. 51, 7.) The Court finds that such is the case regardless of any chilling effect this ruling may have.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Order of Dismissal is **GRANTED**.

**IT IS SO ORDERED** this 30th day of October 2018.

							*s/John T. Fowlkes, Jr.*
							JOHN T. FOWLKES, JR.
							United States District Judge